**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOANA ROSALES,**

      **Petitioner,**

**v.**                        **Case No. 4:14cv580-MW/CAS**

**WARDEN of FCI TALLAHASSEE,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about October 28, 2014, Petitioner Joana Rosales, a federal prisoner proceeding pro se, filed a "Placeholder Motion for Writ of Habeas Corpus," pursuant to 28 U.S.C. § 2241.   ECF No. 1.   After direction from this Court, ECF No. 3, Petitioner filed a § 2241 petition on the proper form, ECF No. 4.   On March 4, 2015, Respondent filed an answer, with exhibits. ECF No. 10.   Petitioner has not filed a reply, although given the opportunity to do so.   *See* ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## Background

In August 2010, in the United States District Court for the Northern District of Texas, case number 4:10cr50, Petitioner Joana Martha Rosales was sentenced to 240 months in prison, to be followed by 4 years of supervised release, as a result of her conviction, after her entry of a guilty plea, of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). ECF 10-1 at 2-6 (Ex. 1 - Judgment).   The Fifth Circuit Court of Appeals dismissed her direct appeal as frivolous.   United States v. Rosales, 431 F. App'x 362 (5th Cir. 2011).   She did not file a motion to vacate her conviction or sentence under 28 U.S.C. § 2255.   *See* ECF No. 4 at 2; ECF No. 10 at 2.

As indicated above, on or about October 28, 2014, Rosales filed in this Court a "Placeholder Motion for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241, in which she cited Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013), Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), and Alleyne v. United States, 133 S. Ct. 2151 (2013).   ECF No. 1.   She subsequently filed a § 2241 petition on the proper form.   ECF No. 4.   In her § 2241 petition, she raises one ground, based on "new evidence,"

challenging the firearm enhancement and asserting, "No one in the conspiracy had knowledge of the firearm nor did anyone involved in the conspiracy rent/live/own the dwelling." *Id*. at 3.   As relief, she requests a reduction in her sentence.   *Id*. at 6.

Respondent filed an answer and argues the Court should dismiss the petition for lack of jurisdiction.   ECF No. 10.   Respondent explains Petitioner Rosales makes no attempt to invoke the savings clause or explain why relief under § 2255 is inadequate or ineffective.   *Id*. at 3. Respondent points out the <u>Spencer</u> case cited by Petitioner is not clearly applicable and, further, has since been vacated.   *See* <u>Spencer v. United States</u>, 773 F.3d 1132 (11th Cir. 2014) (en banc).   Respondent also points out that <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), also cited by Petitioner in her "Placeholder Motion," does not apply retroactively on collateral review.   Finally, Respondent asserts that because Petitioner's 240-month sentence falls under the statutory maximum sentence of 40 years, she cannot challenge her sentence in a § 2241 petition.   *See* <u>Gilbert v. United States</u>, 640 F.3d 1293, 1318-23 (11th Cir. 2011) (en banc).

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.   *See* United States v. Hayman, 342 U.S. 205 (1952).   The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.   Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.   *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge

the continuation or execution of an initially valid confinement.   *See*

Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir.

2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally

imposed sentence).   Thus, § 2241 provides an avenue for challenges to

matters such as the administration of sentences or parole, prison

disciplinary actions, prison transfers, and certain types of detention.   *See*

Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole

Commission is properly brought pursuant to § 2241); Thomas v. Crosby,

371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention

is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295,

1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons'

administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and

thus is matter for habeas corpus).

    In her § 2241 filings, Petitioner challenges her sentence.   A collateral

attack on the validity of a federal sentence is properly brought under 28

U.S.C. § 2255 in the district of conviction.   *See, e.g.*, Antonelli, 542 F.3d at

1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan,

915 F.2d at 629.   The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge
> the legality of his conviction or sentence has two
> bites at the apple: one on direct appeal, and one via
> a § 2255 motion.   In the interests of finality, the law
> generally bars prisoners from filing second or
> successive § 2255 motions, except when "certified
> as provided in section 2244[(b)(3)(A)] by a panel of
> the appropriate court of appeals to contain" either
> "newly discovered evidence" of actual innocence or
> "a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court,
> that was previously unavailable."   *See* 28 U.S.C.
> § 2255(h); Gilbert [v. United States], 640 F.3d
> [1293,] 1309 [(11th Cir. 2011 (en banc)].   This bar
> on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th

Cir. 2013).   "A petitioner who has filed and been denied a previous § 2255

motion may not circumvent the successive motion restrictions simply by

filing a petition under § 2241."   Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542

F.3d at 1351.

In particular, § 2255(e) bars a § 2241 petition if the prisoner "has

failed to apply for relief, by motion, to the court which sentenced him, or

that such court has denied him relief, *unless it also appears that the

remedy by motion is inadequate or ineffective to test the legality of his*

Case No. 4:14cv580-MW/CAS

*detention.*"   28 U.S.C. § 2255(e) (emphasis added); <u>Wofford</u>, 177 F.3d at 1238.   The italicized language, known as the "savings clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances.   "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."   <u>Samak v. Warden, FCC Coleman-Medium</u>, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing <u>Williams</u>, 713 F.3d at 1337-38).   A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.   *Id.*

As set forth above, Petitioner seeks to use her § 2241 petition as a vehicle for challenging her sentence.   To challenge her sentence under § 2241, Petitioner has to satisfy the savings clause by meeting five requirements:

(1) Throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this [Eleventh Circuit] Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition;

(2) After the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent;

(3) That Supreme Court decision applies retroactively on collateral review;

(4) As a result of that Supreme Court decision applying

retroactively, the petitioner's current sentence exceeds the statutory maximum; and

(5) The savings clause of § 2255(e) reaches [petitioner's] claim.

Jeanty v. Warden, FCI-Miami, 757 F.3d 1283 (11th Cir. 2014); *see* Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013).

Here, as Respondent indicates, Petitioner evidently attempts to satisfy step (2) by relying on the U.S. Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013).   As Respondent also indicates, the Eleventh Circuit has held that the Alleyne case does not apply retroactively to cases on collateral review.   Jeanty, 757 F.3d at 1285-86.

In addition, to the extent Petitioner relies on Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013), and Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), for step (2), such reliance is misplaced as these are not U.S. Supreme Court cases and, further, are not clearly applicable here. Moreover, as Respondent indicates, the Spencer case has since been vacated.   *See* Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014) (en banc).

Finally, as Respondent explains, Petitioner's prison sentence of 240 months (20 years) does not exceed the statutory maximum punishment of 40 years in prison.   *See* ECF No. 10 at 1-2, 5-6.   Thus, Petitioner also

fails at step (4) and may not proceed under the savings clause.   *See*

Gilbert, 640 F.3d at 1323 ("What we do decide is that the savings clause

does not authorize a federal prisoner to bring in a § 2241 petition a claim,

which would otherwise be barred by § 2255(h), that the sentencing

guidelines were misapplied in a way that resulted in a longer sentence not

exceeding the statutory maximum.").

Therefore, in this case, review under § 2241 is not available as

Petitioner challenges the validity of her sentence, not the execution thereof.

Further, Petitioner has not shown entitlement to review under the savings

clause, to open the § 2241 portal.   Accordingly, this § 2241 petition should

be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the petition

for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be

**DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.